IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KELLY ISBELL and HALEY HENDERSON, on their own behalf and on behalf of others similarly situated,<br><br>        Plaintiffs,<br><br>   vs.<br><br>BEBE STORES, INC.<br><br>        Defendant. | CIVIL ACTION NO. 2:25-cv-2388<br><br>(King County Superior Court Case No. 25-2-31207-1 SEA)<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO U.S. DISTRICT COURT** |

TO:        The Clerk of the Court

AND TO:    Attorneys for Plaintiffs

PLEASE TAKE NOTICE that Defendant Bebe Stores, Inc. ("Defendant" or "Bebe"), hereby removes the above-captioned action from the Superior Court of the State of Washington for King County ("King County Superior Court") to this United States District Court for the Western District of Washington, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, and other applicable law. Removal is based on the following grounds: (1) the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states; and (2) pursuant to the federal Class Action Fairness Act ("CAFA"), this is a putative class action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs; there are more than 100 members in the putative class; and a member of the putative class is a citizen of a state different from a defendant. Bebe denies all liability and reserves

NOTICE OF REMOVAL        - 1 -
Case No. 2:25-cv-2388

all rights, and nothing in this Notice of Removal is a waiver of any rights or arguments.  In support of this Notice of Removal, Bebe states as follows:

## I.    PROCEDURAL BACKGROUND

1.    On October 27, 2025, Plaintiffs Kelly Isbell and Haley Henderson ("Plaintiffs") served Defendant, through its registered agent, with the Class Action Complaint ("Complaint") in the above-entitled King County Superior Court action.

2.    The King County Superior Court case number for this action is No. 25-2-31207-1 SEA.

3.    Attached hereto as **Exhibit A** is a true and correct copy of the operative Complaint. A complete set of the records in the state court proceedings to date will be provided with the Verification of State Court Records, to be filed promptly after this filing.

4.    There are no other defendants to inform of this removal.

5.    Plaintiffs are citizens of Washington and bring this action individually and on behalf of members of a putative class consisting of Washington residents.  Compl. ¶¶ 10, 113. Plaintiffs generally allege that Bebe violated Washington's Commercial Electronic Mail Act ("CEMA") and Washington's Consumer Protection Act ("CPA") by sending marketing emails to Washington consumers with false and misleading information in the subject lines.  Compl. ¶¶ 2-7.  Plaintiffs seek injunctive relief, the greater of actual or liquidated damages pursuant to statute, treble damages pursuant to statute, and attorney's fees and costs pursuant to statute. Compl. ¶¶ 130, 140 & Prayer For Relief.

## II.    TIMELINESS OF REMOVAL

6.    Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty (30) days after the receipt by Defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, and is therefore timely.

NOTICE OF REMOVAL                      - 2 -                      **DORSEY & WHITNEY LLP**
Case No. 2:25-cv-2388                                         701 FIFTH AVENUE, SUITE 6100
                                                                                SEATTLE, WA 98104-7043
                                                                                PHONE: (206) 903-8800
                                                                                FAX: (206) 903-8820

### III.     VENUE

7.     Venue lies in the United States District Court for the Western District of Washington pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because it is the district court of the United States embracing the place where this action is pending (King County, Washington).

### IV.     DIVERSITY JURISDICTION

8.     This Court has original jurisdiction of this action under 28 U.S.C. § 1332 because it is a civil action between citizens of different states where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, as to the named Plaintiffs.  Thus, this action is properly removed to this Court pursuant to 28 U.S.C. § 1441.

9.     Upon information and belief, Plaintiffs are citizens of the State of Washington.  The Complaint expressly alleges that Plaintiffs are residents of King County, Washington. Accordingly, Plaintiffs are citizens of Washington for purposes of diversity jurisdiction.

10.     Defendant Bebe is a California corporation with its principal place of business in California.  Accordingly, Bebe is a citizen of California for purposes of diversity jurisdiction.

11.     Based on the allegations in the Complaint, Defendant is informed and reasonably believes that the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, as to the named Plaintiffs, although the Complaint does not expressly allege a specific amount in controversy.

12.     Upon information and belief, Plaintiffs seek an amount in excess of $75,000. Plaintiffs seek the greater of actual damages or statutory damages in the amount of no less than $500 for each email allegedly sent to a Washington resident in violation of CEMA pursuant to RCW 19.190.020(1)(b); treble damages, pursuant to RCW 19.86.090; and costs and attorney's fees in connection with the litigation, pursuant to RCW 19.86.090.  Plaintiffs also seek injunctive relief.

13.     The Complaint alleges that there were repeated violations each year for multiple years.  Exhibit A to the Complaint includes as "examples" (Compl. ¶ 98) 36 different emails for which Plaintiffs claim the subject line contains false or misleading information, while indicating

- 3 -

that more allegedly violative emails are at issue in this case than these examples.  Compl., Ex. A. If, for example, each Plaintiff were to seek only statutory damages for each of those "example" alleged violations, that would be no less than $36,000.  Attorney's fees and costs will undoubtedly exceed $40,000, and thus exceed the total of $75,000 in controversy.  Indeed, fees and costs alone in this matter would be reasonably anticipated to exceed $75,000 given the nature of the allegations.  Because the CPA authorizes an award of attorney's fees, RCW 19.86.090, those fees must be taken into account in determining the amount in controversy for purposes of removal.  The amount in controversy requirement is satisfied here even without accounting for the economic costs of the injunctive relief also sought.

14.    Accordingly, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, and this action is properly removed to this Court on that basis.

## V.    ALTERNATIVELY, THE COURT HAS JURISDICTION UNDER CAFA

15.    In addition to diversity jurisdiction, removal of this putative class action is also proper pursuant to CAFA because: (i) minimal diversity of citizenship exists between at least one putative class member and at least one defendant; (ii) there are more than 100 members in the putative class; and (iii) the Complaint places in controversy more than $5,000,000, exclusive of interest and costs.  28 U.S.C. §§ 1332(d)(2), (d)(5)(b), 1453.  Although Bebe denies Plaintiffs' factual allegations and denies that Plaintiffs—or the class they purport to represent—are entitled to the relief requested in the Complaint, all requirements for jurisdiction under CAFA are met in this case based on Plaintiffs' allegations in the Complaint.

16.    To establish CAFA's minimal diversity requirement, a party seeking removal must establish only that one putative class member is a citizen of a state different from any defendant. Minimal diversity exists here under 28 U.S.C. § 1332(d)(2) because at least one putative class member is from a different state than Bebe.  The putative class is of Washington citizens. Compl. ¶ 113.  Bebe is a citizen of California.

17.    This action also satisfies CAFA's requirement that the proposed class consist of no fewer than 100 members, 28 U.S.C. § 1332(d)(5), because Plaintiffs expressly allege in their

DORSEY & WHITNEY LLP
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

Complaint that "the Class is estimated to minimally contain thousands of members." Compl. ¶ 117.

18.    Based on the allegations in the Complaint, Defendant is informed and reasonably believes that this action also satisfies CAFA's requirement that the aggregated matter in controversy for the putative class exceeds the sum or value of $5,000,000, exclusive of interest and costs, although the Complaint does not expressly allege a specific amount in controversy. Plaintiffs seek the greater of actual damages or statutory damages in the amount of no less than $500 for each email sent to a Washington resident allegedly in violation of CEMA pursuant to RCW 19.190.020(1)(b); treble damages, pursuant to RCW 19.86.090; and costs and attorney's fees in connection with the litigation, pursuant to RCW 19.86.090. Plaintiffs also seek injunctive relief. The putative class is alleged to consist of at least "thousands of members" (i.e., no less than 2,000 members) each seeking no less than statutory damages (i.e., $500) for each alleged violation. The Complaint alleges that there were repeated violations each year for multiple years, and Exhibit A to the Complaint identifies 36 "examples" of alleged violations. Even if only a small fraction of these 36 example emails were at issue, which is far less than what is implied by the Complaint's allegations, the matter in controversy for the putative class is in excess of $5,000,000 (e.g., $500 x 2,000 x 6 = $6,000,000). This is even without accounting for attorney's fees that Plaintiffs seek under RCW 19.86.090, which also should be considered in determining whether this CAFA threshold is met under applicable law, and without accounting for the economic cost of the injunctive relief. The allegations in the Complaint are of a matter in controversy substantially greater than $5,000,000.

19.    Accordingly, this Court has jurisdiction over this matter pursuant to CAFA, and this action is properly removed to this Court on that basis.

## VI.    REMOVAL

WHEREFORE the above-captioned state court action numbered King County Superior Court 25-2-31207-1 SEA is hereby removed to this Court, and Defendant respectfully requests that all further proceedings in this action be conducted in this Court as provided by law.

DORSEY & WHITNEY LLP
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

DATED this 25th day of November, 2025.

DORSEY & WHITNEY LLP


/s/ Shawn Larsen-Bright
/s/ Benjamin D. Greenberg
Shawn Larsen-Bright WSBA #37066
Benjamin D. Greenberg WSBA #44120
DORSEY & WHITNEY LLP
701 Fifth Avenue, Suite 6100
Seattle, WA 98104
(206) 903-8800
larsen.bright.shawn@dorsey.com
greenberg.ben@dorsey.com

*Attorneys for Defendant Bebe Stores, Inc.*

NOTICE OF REMOVAL                    - 6 -
Case No. 2:25-cv-2388

## CERTIFICATE OF SERVICE

I hereby certify that on this date I caused to be served the foregoing on the following counsel of record by the method indicated:

Samuel J. Strauss, WSBA #46971
Raina C. Borrelli
Strauss Borrelli PLLC
980 N. Michigan Avenue, Suite 1610
Chicago, IL 60611
sam@straussborrelli.com
raina@straussborrelli.com

☐ Via Messenger
☐ Via Facsimile
☒ Via U.S. Mail
☒ Via Electronic Mail
☒ Via ECF Notification

Lynn A. Toops
Natalie A. Lyons
Ian R. Bensberg
Cohenmalad, LLP
One Indiana Square, Suite 1400
Indianapolis, IN 46204
ltoops@cohenmalad.com
nlyons@cohenmalad.com
ibensberg@cohenmalad.com

Gerard J. Stranch, IV
Michael C. Tackeff
Andrew K. Murray
Stranch, Jennings & Garvey, PLLC
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
gstranch@stranchlaw.com
mtackeff@stranchlaw.com
amurray@stranchlaw.com

*Attorneys for Plaintiffs*

Dated this 25th day of November, 2025.

*/s/ Hannah Sutherland*
Hannah Sutherland, Legal Assistant

NOTICE OF REMOVAL         - 7 -
Case No. 2:25-cv-2388

**DORSEY & WHITNEY LLP**
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820