The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KELLY ISBELL and HALEY HENDERSON,
on behalf of others similarly situated,

     Plaintiffs,

v.

BEBE STORES, INC.

     Defendant.

NO. 25-cv-2388-BJR

**ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED TO KING COUNTY SUPERIOR COURT AND STRIKING DEFENDANT'S MOTION TO DISMISS**

## I.   INTRODUCTION

This matter comes before the Court *sua sponte*. For the reasons set forth below, the Court ORDERS Defendant to show cause why this action should not be remanded to King County Superior Court for lack of subject matter jurisdiction.

## II.   BACKGROUND

Plaintiffs bring this putative class action under Washington's Commercial Electronic Mail Act ("CEMA"), RCW 19.190, and the Washington Consumer Protection Act ("CPA"), RCW 19.86, alleging that Defendant transmitted commercial emails to Washington residents containing false or

ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED TO KING COUNTY SUPERIOR COURT AND STRIKING DEFENDANT'S MOTION TO DISMISS

- 1

misleading subject lines. Dkt. No. 1 at Ex. 1. Plaintiffs allege that Defendant's subject lines created a false sense of urgency regarding the duration or availability of promotional offers and that such practices violated CEMA. Plaintiffs seek statutory damages, injunctive relief, and related remedies. Defendant removed the action to this Court, invoking federal jurisdiction. Dkt. No. 1.

### III.  LEGAL STANDARD

Federal courts are courts of limited jurisdiction and have an independent obligation to determine whether subject matter jurisdiction exists. *See*, *e.g.*, *D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1035 (9th Cir. 2008); *Bernhardt v. County of Los Angeles*, 279 F.3d 862, 868 (9th Cir. 2001) ("[F]ederal courts are required sua sponte to examine jurisdictional issues such as standing."). Removal is proper only if the action could have originally been filed in federal court. 28 U.S.C. § 1441(a). The removal statute is strictly construed against removal, and the removing party bears the burden of establishing federal jurisdiction. *See*, *e.g.*, *Bank of Am., N.A. v. Fidelity Nat'l Title Grp., Inc.*, 594 F. Supp. 3d 1234, 1238 (D. Nev. 2022).

To establish Article III standing, a plaintiff must demonstrate an injury in fact that is concrete, particularized, and actual or imminent. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 424 (2021). A statutory violation alone does not automatically satisfy this requirement. *Id*. at 426. Rather, the plaintiff must allege a harm that is real and not abstract. *Id*. at 427. In addition, standing is not dispensed in gross; at least one named plaintiff must establish Article III standing for each claim and each form of relief sought. *Id*. at 431.

### IV.  DISCUSSION

Plaintiffs' claims arise under state law and rely on CEMA's prohibition against transmitting commercial emails containing "false or misleading information in the subject line." RCW

ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED TO KING COUNTY SUPERIOR COURT AND STRIKING DEFENDANT'S MOTION TO DISMISS

- 2

19.190.020(1)(b). The Washington Supreme Court has held that, for purposes of state law, the receipt of a noncompliant email may constitute an injury sufficient to support statutory damages. *See Brown v. Old Navy, LLC*, 567 P.3d 38, 45 (Wash. 2025) (holding that CEMA does not require proof of actual damages because "the injury is receiving an e-mail that violates its regulations"). However, "an injury in law is not an injury in fact" for purposes of Article III. *TransUnion*, 594 U.S. at 427. This Court must therefore independently determine whether Plaintiffs have alleged a concrete injury sufficient to invoke federal jurisdiction.

Here, the Complaint alleges that Plaintiffs received certain emails with allegedly misleading subject lines. Dkt. No. 1, Ex. 1 at ¶ 110. The Complaint further alleges, in general terms, that such emails may waste consumers' time, divert attention, and influence purchasing behavior. *Id*. ¶¶ 5–6, 33–36. However, the Complaint does not allege that the named Plaintiffs themselves: (1) opened or read the emails, (2) relied on the subject lines, (3) expended time reviewing the emails, or (4) suffered any concrete, particularized harm beyond the mere receipt of the messages. Although the Complaint describes potential harms to "consumers" generally, Article III requires that the named plaintiffs allege a concrete injury that they personally suffered. *See TransUnion*, 594 U.S. at 431. These circumstances raise the question of whether Plaintiffs have adequately alleged a concrete injury in fact sufficient to support federal jurisdiction.

## V.   CONCLUSION

Accordingly, the Court ORDERS Defendant to SHOW CAUSE why this action should not be remanded to King County Superior Court for lack of subject matter jurisdiction. Defendant's brief shall be filed no later than Friday, May 22, 2026. Plaintiffs' response shall be filed no later

ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED TO KING COUNTY
SUPERIOR COURT AND STRIKING DEFENDANT'S MOTION TO DISMISS

- 3

than Friday, May 29, 2026. Defendant's motion to dismiss (Dkt. No. 20) is HEREBY STRICKEN with leave to refile, if necessary, after resolution of the Order to Show Cause.

DATED this 30th day of April 2026.

Barbara Jacobs Rothstein
United States District Judge

ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED TO KING COUNTY
SUPERIOR COURT AND STRIKING DEFENDANT'S MOTION TO DISMISS

- 4