HON. BARBARA ROTHSTEIN

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KELLY ISBELL and HALEY HENDERSON, on their own behalf and on behalf of others similarly situated,

Plaintiffs,

and

STATE OF WASHINGTON,

Plaintiff-Intervenor,

vs.

BEBE STORES, INC.

Defendant.

No. 2:25-cv-02388-BJR

**DEFENDANT'S RESPONSE TO ORDER TO SHOW CAUSE**

## I. INTRODUCTION

Defendant Bebe Stores, Inc. ("Defendant") hereby respectfully submits this response to the Court's Order to Show Cause (Dkt. #35) (the "Show Cause Order"). The Court sua sponte raised concerns regarding whether Plaintiffs have alleged Article III standing and accordingly whether the case should be remanded to King County Superior Court for lack of subject matter jurisdiction. Defendant respectfully submits that Plaintiffs' allegations adequately establish standing and that the Court should decline to remand this matter.

Plaintiffs bring this putative class action under the Washington Commercial Electronic Mail Act (RCW 19.190 et seq.) ("CEMA") and derivatively under the Washington Consumer

DEFENDANT'S RESPONSE TO
ORDER TO SHOW CAUSE                     - 1 -
No. 2:25-cv-02388-BJR

**DORSEY & WHITNEY LLP**
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

Protection Act (RCW 19.86 et seq.) ("CPA").  Dozens of similar actions have been filed against other defendants over the past year and either filed originally in or removed to federal court. Plaintiffs generally allege that Defendant transmitted commercial emails to Washington residents containing false or misleading subject lines regarding the timing and availability of promotional offers.  Plaintiffs seek statutory damages, injunctive relief, and treble damages.

The Court's Show Cause Order notes that the Complaint alleges that Plaintiffs received emails with allegedly misleading subject lines but does not expressly allege that Plaintiffs opened or read the emails, relied on the subject lines, expended time reviewing the emails, or suffered concrete, particularized harm beyond receipt.  The Court therefore questioned whether Plaintiffs' allegations adequately indicate an injury sufficient to support federal jurisdiction, noting that a statutory claim alone does not automatically confer standing.

Defendant respectfully submits that Plaintiffs have adequately alleged Article III standing. For standing purposes, the receipt of commercial emails containing false or misleading subject lines constitutes the concrete, particularized injury that the Washington Legislature intended to protect against when enacting CEMA.  Under controlling United States Supreme Court precedent and other persuasive case authority, no additional allegations of opening, reading, reliance, or actual damages are required to establish Article III standing here.  This Court has subject matter jurisdiction, and remand is not warranted.

## II.    STATEMENT OF FACTS[1]

Plaintiffs Kelly Isbell and Haley Henderson are residents of King County, Washington. Plaintiffs allege that Defendant is a women's retail fashion brand that sells apparel and accessories through its website and engages in commercial email marketing campaigns.  Complaint ¶41. Plaintiffs further allege that they received commercial emails from Defendant containing false or misleading subject lines regarding the timing and availability of promotional offers.  *See*

---

[1] This statement is based entirely on Plaintiffs' allegations in the Complaint (Dkt. #1, Ex. A) and presented solely for purposes of this motion, without waiver or admission of any kind.  Defendants deny that Plaintiffs state a claim, deny any wrongdoing, and deny any liability, and all rights and arguments (including without limitation those previously set forth in Defendant's Motion to Dismiss) are fully preserved.

DEFENDANT'S RESPONSE TO
ORDER TO SHOW CAUSE                  - 2 -
No. 2:25-cv-02388-BJR

DORSEY & WHITNEY LLP
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

Complaint ¶¶4, 40-98, 109-112.  They allege a consistent pattern whereby a sale is announced and allegedly misleading subject lines are used to create false urgency by warning the offer is ending, and then the promotion is extended beyond the initially advertised deadline.  *Id.*  The Complaint alleges that representative examples include the following:

- May 2022: Email stating "WE'RE DOING LAST CALL" on May 30, followed by "SALE EXTENDED" on May 31; and

- September 2025: Email stating "ENDING NOW: 50% Off Sale" on September 1, followed by "We Couldn't Resist, SALE EXTENDED!!!" on September 2.

*Id.*  Both named Plaintiffs allege that they received allegedly deceptive emails including a September 1, 2025 email titled "ENDING NOW: 50% Off Sale" and a September 8, 2025 email titled "ENDS TONIGHT: Up to 40% Off," which they claim were false or misleading. Complaint ¶¶110-111.  The Complaint alleges that such emails are harassing and that they waste consumers' time, flood their inboxes with false notifications, and steer consumers away from shopping for better deals.  *See, e.g.*, Complaint ¶¶1-7.  The Complaint further alleges that the harms resulting from such deceptive commercial emails resemble the harms remedied by nuisance or fraud actions.  Complaint ¶23.

Plaintiffs filed this action in King County Superior Court on October 21, 2025, and Defendant was served on October 27, 2025.  *See* Dkt. #1.  Defendant timely removed the action to this Court on November 25, 2025.  *Id.*  Plaintiffs did not seek remand.  On April 30, 2026, this Court issued its Order to Show Cause raising concerns regarding Article III standing.  Dkt. #35.

### III.    ARGUMENT

Plaintiffs have adequately alleged Article III standing based on their alleged receipt of commercial emails with false or misleading subject lines in violation of CEMA.  Article III standing generally requires allegations of injury-in-fact that is traceable to the defendant's alleged conduct and likely to be redressed by judicial relief.  Plaintiffs satisfy these elements.

First of all, Plaintiffs adequately allege a concrete injury in fact for standing purposes.  The Washington Legislature enacted CEMA to protect consumers from the specific harm of receiving

DEFENDANT'S RESPONSE TO
ORDER TO SHOW CAUSE            - 3 -
No. 2:25-cv-02388-BJR

**DORSEY & WHITNEY LLP**
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

commercial emails with false or misleading subject lines. The Washington Supreme Court has confirmed that under CEMA, the injury is receiving an email that violates the statute's regulations. *See Brown v. Old Navy, LLC*, 4 Wn.3d 580, 584, 567 P.3d 38 (2025). The legislature's judgment that this harm is concrete and compensable is entitled to significant weight in the Article III analysis. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 340-41 (2016).

Importantly, the pertinent injury for standing purposes occurs upon receipt of the allegedly deceptive email, not upon subsequent actions by the recipient. The Court's concern that Plaintiffs did not allege they opened, read, or relied upon the emails conflates Article III standing with merits-stage requirements. CEMA targets subject lines – the information consumers encounter first when deciding whether to engage with a message. *See Brown*, 4 Wn.3d at 590-91. The receipt of an allegedly deceptive email and the alleged deprivation of truthful subject-line information constitutes the injury for standing purposes, regardless of whether the recipient subsequently opens or relies upon the email. Case law supports this analysis. *See, e.g.*, *Harbers v. Eddie Bauer, LLC*, 415 F. Supp. 3d 999, 1005-10 (W.D. Wash. 2019) (holding that receipt of allegedly deceptive commercial emails violating CEMA alone confers Article III standing, even absent additional allegations of opening, reading, reliance, or actual damages).

Additionally, Plaintiffs' alleged injury is adequately particularized (Plaintiffs allege that they personally received specific emails), fairly traceable (Plaintiffs allege that Defendant sent the emails), and redressable (statutory damages and injunctive relief would remedy the alleged harm).

Accordingly, this Court has subject matter jurisdiction and the case should not be remanded.

## A.     The Complaint Adequately Alleges Injury Sufficient for Standing Purposes.

### 1.     CEMA Supports Standing.

To establish Article III standing, a plaintiff must demonstrate: (1) injury-in-fact that is concrete, particularized, and actual or imminent; (2) a traceable connection between the injury and the defendant's alleged conduct; and (3) a likelihood that the injury will be redressed by a favorable decision. *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021).

DEFENDANT'S RESPONSE TO
ORDER TO SHOW CAUSE                    - 4 -
No. 2:25-cv-02388-BJR

For intangible harms, the United States Supreme Court has instructed that courts should consider whether the alleged injury has a close relationship to harms traditionally recognized as providing a basis for lawsuits, and whether the legislature has identified and elevated the injury to actionable status. *See Spokeo*, 578 U.S. at 340-41. The legislature's judgment that a particular harm is concrete and compensable is entitled to significant weight. *Id.*

Some statutory violations alone establish concrete harm sufficient for Article III standing. *See Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1113 (9th Cir. 2017). The question is whether the statutory provisions at issue were established to protect the plaintiff's concrete interests and whether the specific violations alleged constitute actual harm or present a material risk of harm to such interests. *Id.* at 1113-14.

The Washington Legislature enacted CEMA to protect consumers from harms associated with deceptive commercial emails. The statute prohibits transmitting commercial emails to Washington residents that contain false or misleading information in the subject line. RCW 19.190.020. The Washington Supreme Court has recognized that CEMA sought to give consumers relief from commercial spam email by requiring accuracy and truthfulness in the subject lines of such emails. *See Brown*, 4 Wn.3d at 590. The legislature targeted email header and subject lines as the information consumers first encounter when deciding whether to engage with a message. *Id.* at 590-91. The statute establishes statutory damages of five hundred dollars or actual damages, whichever is greater, for recipients of emails sent in violation of CEMA. RCW 19.190.040. This statutory framework reflects the legislature's determination that receiving a commercial email with a false or misleading subject line constitutes a concrete, compensable injury. Further supporting that reading is that the legislature further declared that violations of CEMA are per se violations of the CPA. RCW 19.190.030. CEMA thus is intended to protect a substantive right: the right to receive truthful information in commercial email subject lines. This strongly supports Article III standing.

## 2. Receipt of Allegedly Misleading Emails Is Sufficient for Standing.

The Washington Supreme Court has confirmed that under CEMA, the injury is receiving

DEFENDANT'S RESPONSE TO
ORDER TO SHOW CAUSE                    - 5 -
No. 2:25-cv-02388-BJR

**DORSEY & WHITNEY LLP**
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

an email that violates the statute's regulations. *See Brown*, 4 Wn.3d at 592. CEMA does not require proof of actual damages because the injury is the receipt itself. *See id.* at 584.

This understanding aligns with CEMA's focus on subject lines. The legislature deliberately targeted subject lines because they are the critical decision point for recipients; it is the information consumers encounter first when deciding whether to engage with a message. *Id.* at 590-91. The injury for standing purposes occurs at that initial moment of contact, when the recipient's inbox is intruded upon by a communication containing false or misleading information (allegedly). The injury for standing purposes is the receipt of the allegedly deceptive email and deprivation of truthful subject-line information. The recipient of an email with an allegedly false or misleading subject line is deprived of accurate information necessary to make an informed decision about whether to engage with the message. This deprivation constitutes a concrete harm sufficient for purposes of standing, distinct from any subsequent reliance or action by the recipient.

The Court's Order expresses concern that the Complaint does not allege that Plaintiffs opened or read the emails, relied on the subject lines, expended time reviewing the emails, or suffered other concrete harm beyond mere receipt. But these concerns conflate the requirements of standing with merits-stage requirements. Plaintiffs need not plead every element of their underlying causes of action to establish standing. They need only allege facts demonstrating that they have suffered a concrete injury traceable to the defendant's alleged conduct and likely to be redressed by judicial relief. Here, the injury occurs upon receipt of the allegedly deceptive email, not upon subsequent actions by the recipient. To require proof of opening, reading, or reliance would effectively require Plaintiffs to prove they were actually deceived, which is a requirement that Article III does not impose for purposes of establishing standing.

The decision in *Harbers v. Eddie Bauer, LLC*, 415 F. Supp. 3d 999 (W.D. Wash. 2019), is on point and persuasive here. There, a plaintiff brought a class action alleging that a retailer violated CEMA by sending emails with misleading subject lines. *Id.* at 1003-04. Following removal, the plaintiff claimed she lacked standing and sought remand. *Id*. The court held that receipt of allegedly deceptive commercial emails violating CEMA alone – without additional

DEFENDANT'S RESPONSE TO
ORDER TO SHOW CAUSE                    - 6 -
NO. 2:25-cv-02388-BJR

allegations of opening, reading, reliance, or actual damages – was adequate to confer Article III standing. *Id*. at 1005-10. The court reasoned that CEMA was enacted to protect concrete interests, that the plaintiff alleged a violation of her substantive right to be free from deceptive commercial emails, and that this satisfies the concreteness requirement even absent additional allegations of harm. *Id*. at 1008-10. The court further held that even if the plaintiff alleged only a procedural CEMA violation, that would be sufficient to confer Article III standing because the receipt of deceptive emails poses a risk to the plaintiff's interests, including in being free from nuisance and loss of productivity. *Id.* at 1010-11.

Notably, the court's reasoning in *Harbers* has been reaffirmed even after the United States Supreme Court's decision in *TransUnion*. In *Brinton v. Vivint Inc.*, No. 3:23-cv-06105-TMC, 2024 U.S. Dist. LEXIS 140468, at *5 (W.D. Wash. Aug. 7, 2024), the court noted that the detailed analysis of concrete injury in *Harbers* remains persuasive after *TransUnion* and that receipt of spam emails alone constitutes a sufficient injury for standing purposes, noting factors such as lost productivity, annoyance, consumption of digital space, and foundational concepts such as rights of privacy and to be free from nuisance. *Id*. at *5-6. Other courts similarly have implicitly or explicitly found standing in circumstances like those here. *See, e.g.*, *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1059-65 (9th Cir. 2009) (analyzing CEMA claim and holding that claim was preempted where nothing in the plaintiff's claim amounted to falsity or deception, thus implicitly indicating Article III standing existed); *Lynch v. AML Network Ltd.*, No. CV 21-3574-GW-RAOx, 2021 U.S. Dist. LEXIS 187234, at *13-14 (C.D. Cal. Sep. 27, 2021) (denying remand and concluding that plaintiff alleged a concrete injury sufficient for Article III standing under California CEMA analogue).

Common law analogies and principles support finding that the injury requirement is satisfied here for standing purposes. The receipt of unwanted deceptive commercial communications implicates interests in privacy and freedom from intrusion or nuisance. When a sender allegedly invades a recipient's inbox with deceptive messages, the recipient suffers an injury for standing purposes analogous to intrusion upon seclusion or trespass. Additionally, the

DEFENDANT'S RESPONSE TO
ORDER TO SHOW CAUSE                    - 7 -
No. 2:25-cv-02388-BJR

DORSEY & WHITNEY LLP
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

alleged deprivation of truthful information itself can constitute a sufficiently cognizable and concrete injury for standing purposes. The Supreme Court has recognized in a different context, for example, that a statutory right to receive truthful information is a concrete interest that can support Article III standing. *See Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373-74 (1982).

**B.    Plaintiffs' Alleged Injury Is Sufficiently Particularized, Traceable, and Redressable for Standing Purposes.**

**1.    The Alleged Injury Is Particularized.**

Plaintiffs allege a particularized injury, not a generalized grievance. Each Plaintiff specifically alleges personal receipt of at least two specific promotional emails with allegedly misleading subject lines in September 2025. This is not an abstract complaint about Defendant's practices affecting the public at large; it is a concrete allegation that each individual Plaintiff directly received the allegedly offending communications. The Complaint identifies specific Plaintiffs, specific communications, and a specific timeframe. Plaintiffs are not merely asserting that Defendant engages in misleading email marketing as a matter of public concern; they are asserting that they personally received misleading emails. This particularization satisfies the requirement that a plaintiff demonstrate a personal stake in the outcome of the controversy.

**2.    The Alleged Injury Is Traceable.**

The alleged injury is fairly traceable to Defendant's alleged conduct. While Defendant absolutely denies that it engaged in any misconduct, the Complaint specifically alleges that Defendant sent or caused the transmission of commercial emails with misleading subject lines to the named Plaintiffs. The Complaint further alleges that Defendant runs ongoing email marketing campaigns and uses tools that track recipients and can associate them with Washington residents. These allegations show the required causal link between Defendant's alleged conduct and Plaintiffs' alleged injury for standing purposes. Defendant is alleged to have initiated or assisted in the transmission of the emails at issue and the named Plaintiffs are alleged to be the recipients of those emails. Such allegations readily establish the requirement of traceability.

DEFENDANT'S RESPONSE TO
ORDER TO SHOW CAUSE                    - 8 -
No. 2:25-cv-02388-BJR

**DORSEY & WHITNEY LLP**
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

### 3.    The Alleged Injury Is Redressable.

The requested relief – statutory damages and injunctive relief – would redress the alleged injury.  Statutory damages would directly compensate Plaintiffs for the injury they allegedly suffered by receiving misleading commercial emails.  Washington law provides that recipients of commercial electronic mail messages sent in violation of CEMA receive statutory damages of five hundred dollars or actual damages, whichever is greater.  RCW 19.190.040.  The named Plaintiffs allege receipt of violative emails.  If Plaintiffs prevail, they would receive monetary compensation that would redress their alleged injury.  Moreover, Plaintiffs also seek injunctive relief to prevent future harm.  The Complaint alleges that there is ongoing, systematic conduct, which supports an inference that absent injunctive relief, there will be further allegedly violative emails sent including to the named Plaintiffs.  All of these factors show adequate redressability for standing purposes.

### C.    The Distinction Between Article III Standing and Merits Requirements Support Retaining Jurisdiction.

The Court's Show Cause Order reflected concerns regarding the fact that the Complaint is missing allegations about opening, reading, reliance, and time spent, which indicate that Plaintiffs were not in fact deceived or financially injured as a result of the alleged emails at issue.  Defendant acknowledges and has specifically noted in prior briefing that Plaintiffs have not specifically alleged that they were actually deceived or caused any financial harm.  But under the circumstances here these factors go more to the merits of whether they have stated a claim and/or whether they can ultimately prove any right to relief, rather than standing.  As described above, the minimal threshold elements required for Article III standing are satisfied by Plaintiffs' allegations that they received misleading emails that violated their rights as reflected in CEMA and otherwise.

### D.    If the Court Is Inclined to Order Remand, It Should Stay This Action Pending the Outcome of Related Cases.

Defendant is aware of two district court cases that have concluded that there was not Article III standing in cases asserting similar CEMA claims.  *See Montes v. Catalyst Brands LLC*, No. 2:25-CV-0281-TOR, 2025 LX 580851 (E.D. Wash. Dec. 4, 2025); *Nuri v. True Religion*

DEFENDANT'S RESPONSE TO
ORDER TO SHOW CAUSE                        - 9 -
No. 2:25-cv-02388-BJR

*Apparel*, No. 2:25-cv-00690-LK, 2026 LX 188453 (W.D. Wash. Mar. 30, 2026). The first of these, *Montes*, is now on appeal and pending in the Ninth Circuit (Ninth Circuit Case Nos. 25-8045, 26-241). Meanwhile, other judges in this district have ruled on initial motions to dismiss and otherwise proceeded with litigation without raising any concerns about jurisdiction, potentially indicating a differing view on whether the types of allegations made here confer Article III standing. *See, e.g.*, *Agnew v. Macy's Retail Holdings, LLC*, No. 2:25-CV-02006-JHC, 2026 LX 188891 (W.D. Wash. Mar. 18, 2026); *Ma v. Nike, Inc.*, 816 F. Supp. 3d 1227 (W.D. Wash. 2026). If this Court has doubts about its jurisdiction and is inclined to order remand, then Defendant respectfully requests that the Court instead stay this action pending the outcome of the appeal in *Montes*. The specific issue presented of whether the types of allegations made here under CEMA establish Article III standing is currently before the Ninth Circuit, and a decision in that case should resolve the disputed issue of when an alleged CEMA violation confers standing.

### IV.    CONCLUSION

For the reasons set forth herein, Defendant respectfully requests that this Court find that it has subject matter jurisdiction over this action and decline to remand the case to King County Superior Court. Defendant further respectfully requests that it be permitted to refile its Motion to Dismiss that was stricken without prejudice pursuant to the Show Cause Order. If the Court is inclined to remand, Defendant requests that the case be stayed pending resolution of the Article III standing issue that is currently presented to the Ninth Circuit Court of Appeals.

Respectfully submitted this 22nd day of May, 2026.

DORSEY & WHITNEY LLP

*/s/ Shawn Larsen-Bright*
Shawn Larsen-Bright WSBA #37066
Benjamin D. Greenberg WSBA #44120
DORSEY & WHITNEY LLP
701 Fifth Avenue, Suite 6100
Seattle, WA 98104
(206) 903-8800
larsen.bright.shawn@dorsey.com
greenberg.ben@dorsey.com

*Attorneys for Defendant Bebe Stores, Inc.*

DEFENDANT'S RESPONSE TO
ORDER TO SHOW CAUSE          - 10 -
No. 2:25-cv-02388-BJR

**DORSEY & WHITNEY LLP**
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

## CERTIFICATE OF SERVICE

I hereby certify that on this date I caused the foregoing to be served on the following counsel of record by the method indicated:

| Samuel J, Strauss, WSBA #46971<br>Strauss Borrelli PLLC<br>980 N. Michigan Avenue, Suite 1610<br>Chicago, IL 60611<br>sam@straussborrelli.com | ☐ Via Messenger<br>☐ Via Facsimile<br>☐ Via U.S. Mail<br>☐ Via Electronic Mail<br>☒ Via ECF Notification |
|---|---|

Lynn A. Toops
Natalie A. Lyons
Ian R. Bensberg
Cohenmalad, LLP
One Indiana Square, Suite 1400
Indianapolis, IN 46204
ltoops@cohenmalad.com
nlyons@cohenmalad.com
ibensberg@cohenmalad.com

Michael C. Tackeff
Stranch, Jennings & Garvey, PLLC
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
mtackeff@stranchlaw.com

*Attorneys for Plaintiffs*

| Bryan Brysacz<br>Robert Hyde<br>Claire McNamara<br>Attorney General of Washington<br>Consumer Protection Division<br>800 Fifth Avenue, Suite 2000<br>Seattle, WA 98104<br>ben.brysacz@atg.wa.gov<br>robert.hyde@atg.wa.gov<br>claire.mcnamara@atg.wa.gov | ☐ Via Messenger<br>☐ Via Facsimile<br>☐ Via U.S. Mail<br>☐ Via Electronic Mail<br>☒ Via ECF Notification |
|---|---|

*Attorneys for Plaintiff-Intervenor*
*State of Washington*

Dated this 22nd day of May, 2026.

/s/ Hannah Sutherland
Hannah Sutherland, Legal Assistant

DEFENDANT'S RESPONSE TO
ORDER TO SHOW CAUSE          - 11 -
No. 2:25-cv-02388-BJR